Filed 7/16/25  P. v. Rosner CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESSIE SHANE ROSNER,<br><br>Defendant and Appellant. | F088588<br><br>(Super. Ct. No. MCR080702)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  James E. Oakley, Judge.  (Retired judge of the Madera Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Detjen, J. and Meehan, J.

## INTRODUCTION

Jessie Shane Rosner (appellant) pled no contest to misdemeanor annoying or molesting a child (Pen. Code, § 647.6, subd. (a)(1)).[1] He was sentenced to 364 days in county jail in accordance with his plea agreement.

On appeal, appellant's appointed counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking this court to review the record and determine if there are any reasonably arguable issues on appeal. Appellant was afforded an opportunity to submit a supplemental letter or brief but failed to do so in the time allotted.

We have conducted an independent review of the record and find no error. We affirm.

## BACKGROUND

The Madera County District Attorney's Office filed an information charging appellant with attempted first degree burglary (§§ 664, 459, 460, subd (a); count 1) and misdemeanor annoying or molesting a child (§ 647.6, subd. (a)(1); count 2). The People also alleged appellant suffered a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)).

According to the preliminary hearing transcript, appellant approached a 17-year-old girl (the victim) as she was walking home and asked her for a ride. The victim responded she could not give him a ride and continued to walk home. She noticed appellant was following her. She called her cousin, who lived two blocks away, and asked to come over. When she arrived at her cousin's house, she went inside, and the cousin locked the front door behind her. Appellant attempted to open the front door, then walked toward the side of the house. He returned to the front of the house and sat on a log, then left. The victim called the police, and appellant was arrested nearby.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Appellant pled guilty to count 2.  Pursuant to the terms of his negotiated plea agreement, the trial court denied probation and sentenced appellant to 364 days in the county jail.  Appellant waived his right to conduct credits (see § 4019, subds. (b) & (c)).

## **DISCUSSION**

As noted above, appellant's counsel filed a *Wende* brief identifying no error and asking this court to review the record to determine whether there are any arguable issues on appeal.  We have conducted an independent review of the record.  We find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.